James J. Arendt, Esq.          Bar No. 142937
Erica M. Camarena, Esq.        Bar No. 227981

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, SERGEANT GABE TORRES and
OFFICER ROBERT OLIVEIRA

# IN THE UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON C. FOSTER, individually and on behalf of a Class of Persons similarly situated.<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF COALINGA, CHIEF PATRICIA MEDINA, SGT. GABE TORRES, OFFICER ROBERT OLIVEIRA, OFFICER TINGLEY, CPL. CHRIS SIMMONS, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.  1:06-CV-01612 OWW DLB<br><br>**ORDER ON PRE-TRIAL MOTIONS IN LIMINE**<br><br>Date:       June 30, 2008<br>Time:       3:00 p.m.<br>Courtroom:  Two<br><br>Trial Date: July 8, 2008 |

The pre-trial motions in limine of plaintiff ELTON FOSTER ("plaintiff") and defendants GABE TORRES and ROBERT OLIVEIRA ("defendants") came on for hearing before the Honorable Oliver W. Wanger, in Courtroom Three of the United States District Court, Eastern District of California, on June 30, 2008, at 3:00 p.m.  Plaintiff was represented by attorneys Bruce Nickerson and Eric Schweitzer.  Defendants were represented by attorney James J. Arendt of the Law Firm of Weakley, Ratliff, Arendt & McGuire, LLP.

After full consideration of the moving papers, as well as arguments made by counsel at the hearing, it is hereby ordered as follows:

///

---

[Proposed] Order on Motions In Limine

## PLAINTIFF'S MOTION IN LIMINE

**1.    Motion in Limine to Preclude Evidence Regarding Marijuana Use**

Plaintiff's motion in limine to preclude evidence concerning use of marijuana by plaintiff is denied. However, a Federal Rules of Evidence, rule 104 hearing will be held at the time of trial to determine whether such anticipated evidence is reliable.

## DEFENDANTS MOTIONS IN LIMINE

**1.    Motion In Limine to Preclude Evidence Not Produced In Discovery**

Defendants' motion in limine to preclude evidence not disclosed during discovery or provided as supplemental discovery in a timely fashion, is granted. Plaintiff's request to present evidence that the City of Coalinga paid plaintiff's medical bills is denied.

**2.    Motion In Limine To Preclude Evidence of Lawsuits Against Officers**

Defendants' motion in limine to preclude evidence concerning any previous or pending lawsuit(s) against either the defendant or witness officers is granted.

**3.    Motion In Limine To Preclude Evidence Included In Personnel Records**

Defendants' motion in limine to preclude evidence included in the personnel record of either defendant, or any testifying peace officer is granted.

**4.    Motion In Limine to Preclude Experts From Testifying As To Factual Determinations, Credibility of Witnesses, Legal Conclusions Or Past Experiences of Claims of Success**

Defendants' motion in limine to preclude plaintiff's experts from testifying as to any opinions regarding factual determinations, the credibility of any witnesses, legal conclusions, their personal past experiences or claims of success is granted.

**5.    Motion In Limine to Preclude Plaintiff's Law Enforcement Expert From Rendering Opinions in Areas in Which He Lacks Expertise**

Defendants' motion in limine to preclude plaintiff's designated use of force/police procedures expert, John Sullivan, from testifying as to standards in training and the appropriate use of the Orcutt Police Nunchaku ("OPN"), law enforcement K-9's and Taser is granted.

**6.    Motion In Limine To Preclude Improper Comments Regarding Damages**

Defendants' motion in limine to preclude plaintiff's counsel from making any inquiry, comment or argument before the jury that suggests that jurors should base plaintiff's damages, if

any should be awarded, on an amount that jurors would charge to endure similar injuries ("Golden Rule") is granted.

**7.     Motion In Limine To Preclude Evidence Concerning Comments Made By Judge Simpson During Criminal Trial**

Defendants' motion in limine to preclude evidence related to comments made by Fresno County Superior Court Judge Alan Simpson during the court trial related to the criminal charges against plaintiff is granted. This includes, but is not limited to, comments referenced by plaintiff's law enforcement expert, John Sullivan, his retained psychiatrist, Dr. Stuart Pickel, and retained psychologist, Dr. William Hooker.

**8.     Motion In Limine To Preclude Evidence Concerning Defendants' Liability Insurance**

Defendants' motion in limine to preclude evidence concerning defendants' insurance is granted.

**9.     Motion In Limine To Preclude Plaintiff's Law Enforcement Expert From Testifying As To Standards and Training For California Peace Officers**

Defendants' motion in limine to preclude plaintiff's designated use of force/police procedures expert, John Sullivan, from testifying as to accepted standards in training and the use of force by California peace officers is granted.

**10.    Motion In Limine To Preclude Evidence Regarding the Criminal Case Against Plaintiff, Including Outcome of The Criminal Trial**

Defendants' motion in limine to preclude evidence regarding the criminal case against plaintiff, including, but not limited to, that plaintiff was acquitted of the charge of California Penal Code §148(a)(1) [resisting, obstructing, delaying a peace officer]; that the charge against plaintiff for violating Health and Safety Code §11550(a) [under the influence of a controlled substance] was dismissed by the Fresno County District Attorney's Office prior to trial; and that plaintiff's arrest for violation of California Penal Code §243 [battery on a peace officer] was never formally charged in the criminal complaint is granted.

///

///

///

**11.     Motion In Limine To Preclude Evidence Concerning Indemnification of Defendants**

Defendants' motion in limine to preclude evidence regarding defendants' indemnification for damages by the City of Coalinga is granted.

IT IS SO ORDERED.

**Dated:   July 3, 2008**                            /s/ Oliver W. Wanger
                                                                    UNITED STATES DISTRICT JUDGE